314-0496 Bank of America National Association, Appellate, by Blake Scruttons v. Michael Ward-Johnson, Appellant, by Omar Uden. Mr. Uden, good morning. Good morning, Your Honors, and may it please the Court. My name is Omar Uden. I'm the attorney of record for the defendant, Appellant Michael Ward-Johnson. At issue in the instant matter is a foreclosing plaintiff's continued and systematic inability to demonstrate that a proper transfer of a beneficial interest in a loan has occurred, and that it, in fact, has standing to sue when confronted by allegations and evidence to the contrary, and whether the objections were properly raised in Mr. Johnson's Section 1401 petition. When did he respond to the complaint, your client? My client's wife, Lynetta Johnson... No, when did your client respond to the complaint? He did not... It's your client who's appealing. This is correct. So we're not interested in her. There was no initial response to a complaint. My client filed a series of objections by way of post-judgment motions after he filed his appearance, following the entry of judgment in foreclosure. And how long ago was that? 17 months? The entry of judgment in foreclosure was in March of 2012, and I believe the appearance was filed in the summer of 2013, July of 2013. So he didn't respond for how long to the complaint? This is certainly well over two, two and a half years. So really, we've just got a 214-01 here? It's a 214-01 petition. That is at issue. That's correct. So how do you establish due diligence in the original proceeding? The diligence that was asserted... You have to establish that, don't you? That's correct. That's one of the primary pillars. Did he fail in doing that? I don't believe he did, Judge. Why? Because the standing issue, our position is the standing issue is a component of justice ability, and the issue of standing... It doesn't have to be pled by your client? It's our position... In a timely manner? It's our position that it's not weighed just because... Forfeiture is what we're talking about. Sorry? Forfeiture. Forfeiture. Correct. Correct. It is our position that by virtue of his wife's affirmative defenses and his subsequent post-judgment motions, continually raising the standing issue, that diligence was established. Additionally, one of the primary defenses that was raised in the 14-01 petition was not available to him during the course of litigation. Well, he didn't even appear for 17 months. That is correct. But he knew it. I would concede that point, that no appearance was on file until he... He was clearly aware of it, wasn't he? Because his wife was defaulted, right? I'm not aware of what he was aware of at the time of the filing of the complaint. I know that the wife, that Mrs. Johnson, filed an answer in affirmative defenses. And you are correct that the appellant did not file his appearance until well after the entry of judgment. But he was in the proceedings appearing when his wife was there. That's correct. And what is his standing here? Is he on the note? He is not on the note, Your Honor. Is he a mortgagor? No. His position was that, and this was articulated in his July 2013 petition to intervene, that his spousal interest and his interest in the community property established his... Community property is in Illinois? Sorry? Or is it a homestead? I believe it's a homestead. Yeah. Community property, I don't think we have that here, do we? That's correct. That said, it's appellant's position that the pattern of behavior on the part of Plaintiff and his multiple, albeit post-judgment, motions and the issues raised therein, as well as the affirmative defenses that were raised that attack the standing issue, established diligence. It's our position that Plaintiff is alleging that's a legal holder of the mortgage and note. And under Section 3201 of the Illinois Commercial Code, acquiring the status of a holder requires proper negotiation. And that Plaintiff's failure to effectively show a proper chain of title is comprehensive and rooted in both the nature and timing of the alleged corporate assignment of mortgage attached to the complaint to foreclose and apparently relied upon by Plaintiff to quell any uncertainty regarding its ability to sue. Let's go to the facts now. What are the facts that led to that conclusion, your argument? There are three components of the assignment proffered by U.S. Bank, formerly Bank of America as Plaintiff, that go to whether or not the assignment is void as a means, as a vehicle for transferring the mortgage. Where's the original lender? The original lender was an entity entitled Accredited Home Lenders, Incorporated. AHL. Correct. Now, the original complaint that was filed, the only complaint that was filed, had attached to it a mortgage and a note, a note made payable simply to Accredited Home Lenders, Incorporated. Attached to the note, there were no endorsements, assignments. The name on that note was not here in this case, correct? Sorry? Whose name is affixed to the note? The name, Lynetta Johnson. Okay. That's correct. There are no endorsements or assignments attached to the promissory note. What is the legal description in mortgage, the original mortgage? The legal description… It's lot 28, or lot 103, I think. I believe that's correct. Lot 103 is the legal description. Okay. So what lot was sold at judicial sale?  There's a variation between the legal description in the mortgage, and then there's a handwritten note that said, corrected legal description. I'm not putting my finger on it quickly. But that handwritten note doesn't bear the initials of lender or buyer. And the first assignment of mortgage described it as lot 28. Lot 28. And that was January 15th of 2010, and I believe that is consistent with the mortgage. The later assignment that was filed March 17th, 2011, has a legal description of lot 103. There is a variation in the legal description. Have you checked the recorded documents to see if that legal description attached to the mortgage was corrected by the court? My understanding is that it was not. So the mortgage entitled the bank to foreclose on the property that secured the debt, which is lot 28. Lot 28. But not lot 103. So I'm wondering why there is a discrepancy here. I can't speak to that discrepancy at length, Your Honor. That's why you're here today, because we had questions based on the record to ask of you and your opposing counsel. But it appears to me that the mortgage was secured by lot 28 and not lot 103. So although there is a debt, I'm not so certain that the share of sale should have gone so far to reach lot 103. The share of sale was actually conducted on June 18th, 2013, and that was conducted by U.S. Bank for the first time. Correct. And your client did file an objection to that within 30 days. I think on July 15th of 2013 is when the time was objected. Correct. So do you want to speak to that issue of how the share of sale was conducted in the name of U.S. Bank, when it appears that the assignment of mortgage, the first assignment on January 15th, was not to U.S. Bank? That's correct. And additionally, it's also worth noting, as said in the brief, that that subsequent assignment was never made part of the court record. So if we are to… The 2011 assignment that corrects. That seems to apply to the correct lot, but it was never presented to the trial court. It was never presented to the trial court. It was presented in one of the… So had the trial judge compared the assignment lot number to the lot number on the mortgage, might have caught the mistake? There would have been a variation that would have been very apparent. So if we examine that, Your Honor, quite simply under the rubric of 1508, then when you examine the prongs of whether a circuit court can lawfully go forward with approving the sale, and as U.S. Bank points out that those standards are fairly rigid, essentially we're talking about whether there was no notice given, whether the terms of the sale were unconscionable, whether the sale was conducted fraudulently, or whether justice was not otherwise done. When you're talking about a variation between these lots, when you're talking about a purported corrective assignment that would seek to… The second subsequent assignment not only changed the name of the bank, but also changed the lot number, and nobody noticed. Correct. Because that second assignment wasn't presented to the trial judge. It was never presented to the trial judge. So how does that happen? I would submit that that would fit at least a couple of these prongs under 1508. There's an assumption that when a sheriff's sale is reviewed in the trial court, that ordinary diligence is exercised on behalf of all the parties, especially the presiding judge, to, for lack of a more sophisticated term, make sure that the I's are dotted and the T's are crossed. That did not happen here. And it would seem to us that that would fit the prong of terms of the sale being unconscionable, because you're talking about a sale affecting a lot that's not prescribed in the paperwork. You're talking about a corrective assignment that clearly seeks to harmonize the terms of the sale and correct the lot at issue that's never reflected in the record. I think also this would be an appropriate vehicle for the Ford provision, justice not otherwise done in the sale. Again, the prongs of 1508 are fairly straightforward, and the variation in the lots, and the fact that a Ford is- And you brought this to the attention in your argument, didn't you? Admittedly, that's not the case. That's just not the case. There are a lot of- This is a very unique- Well, it seems like there's a lot of stuff that nobody's looked at. Sure. Despite a lot of- Is it the job of the court to be doing that? It's not. I would stipulate that, Judge. Is it the job of the trial court to be doing it? Especially with regard to a sale where the formalities are fairly rigid and mechanical. I would submit that that's a fairly low threshold of diligence and review on the part of the trial court, and that was just not exercised. You didn't represent the gentleman in the trial court, did you? It was pro se until after the notice of appeal, Your Honor. But it is worth mentioning, as you said, that it was not raised in the briefs at this level, even. So there might have been a systemic- Seems so. Yes, that's correct. That said, the notion that the purportedly corrective assignment was not introduced into the record seems to us to be further evidence of a sort of systemic indifference to the issue of standing. It's further evidenced by the fact that the U.S. Bank, in this matter, just went ahead and changed the caption of the parties without requesting leave of the court to do so. There was never any motion to correct a misnomer or motion for leave to substitute party plaintiff. That, in tandem with our objections to the efficacy of the MERS assignments, the brief detail, the concerns with MERS's power inherently to transfer mortgages. We also discussed is MERS's status pursuant to DINA, which I understand has been curtailed severely by both- Yeah, that's all stuff that's not relevant to this case, is it? Well- Or are you just talking policy to make an argument? I would submit that MERS's status as an unlicensed mortgage lender, though it has been curtailed severely by- Yeah, that's taken away from the table. I would submit that this goes to the efficacy of the assignment, and the efficacy of the assignment goes to standing. It goes to whether U.S. Bank or Bank of America has been properly assigned the mortgage and thus has the right to stand in the shoes of the plaintiff here. The new rules basically say that, hey, listen, the mortgage lender's unlicensed status doesn't necessarily automatically invalidate the contract. But our interpretation is it's part of a larger examination of whether the mortgage entity had the power to do what it says it's doing. And in this case, it's purporting to transfer a mortgage. We're examining MERS's inherent authority or lack thereof based on its structure to transfer beneficial interest and loans, and we're examining whether MERS as an unlicensed entity has the power to transfer these loans as well. This all goes to whether the assignment is valid. And when you put on top of that the fact that a subsequent corrective assignment, which would seek to ostensibly clear up some of these issues, was never introduced into the record, this certainly goes to the issue of whether U.S. Bank properly has the right to stand in the shoes of the plaintiff. It wasn't introduced into the record as an attachment to the complaint because it didn't exist at the time the foreclosure complaint was filed. That's correct, Your Honor. However, this is a litigation that's been going on for over four and a half years. There are numerous examples. And you are the first person that supplied that 2011 assignment for anybody to review, I believe. Correct. And I would say that in other circumstances in circuit courts, when there is subsequent paperwork that comes to light, assignments or subsequent allonges that would seem to clear up the chain of title issue, it's very simple for a plaintiff to amend its complaint. That never happened here, despite the fact that this is a litigation that's been going on for a really long time. We would submit that the burden on a plaintiff to do that, get its paperwork in a row and amend the complaint accordingly, is not that high. Plaintiff lenders do that all the time. And when you combine that with the terms of the sale which purport to sell a property that's not correctly identified in the assignment, in the original assignment, this is very problematic. You mean the original assignment? The original assignment, yes. Why don't we go back to the mortgage? We're going back to the mortgage, aren't we, originally? Correct. Okay, so AHL is the lender, right? Correct. Mortgageor is not your client. Lynetta Johnson, that's correct. Apparently the wife of your client. That's correct. And you say that somehow your client has some standing here under you're not sure. Well, it's our position. Well, I'm asking that question. First you talked about community property, which doesn't exist in the state. And now I was the one who fed you Homestead. So what is his standing here? Well, initially, to be clear, he was named as current spouse, if any, of Lynetta DeLacy Johnson. In the original petition. Yes, in the original complaint. Okay. He asserted his rights in the property when the emergency motion was filed on July 1, 2013, the emergency petition to intervene. He was defaulted. He was defaulted. What happened to his rights in the default? Well, because. On all well pled, isn't that an admission? To an extent. I believe because we're dealing with the issue of standing here, the circuit court's jurisdiction. There's no curtain that ever falls on standing. Is that your argument? It is our argument. Because standing is a component of justice ability. I would submit that, yes. And that, you know, the fact that a default judgment has been entered, if standing is an issue, whether or not a default judgment has been entered should not come into play. As to. You're being pretty generous here, saying standing, because if there is an issue with the legal description being corrected by hand without approval of the lender or borrower, it's a little different than the standing. It is a little different. I would submit that I'm arguing. There's some unpleasantries that go with that. Yes. I would tend to agree. So both for you and Justice Holder, if you're being so polite about such. I would submit it is an unusual case in that a number of post-judgment motions, unorthodox, have been filed, calling into question a plaintiff's ability to sue. I believe that plaintiff's actions with regard to establishing its right to sue, in tandem with this issue of the conduct of the sale and the review of the source materials with regard to rubber stamping the order confirming sale, leads to a very troubling outcome as to U.S. banks' ability to stand in the shoes of the plaintiff and their ability to sell the property. Which is not described in the legal description. Which is not described in the legal description. That's correct. I would say given that and the continued pattern of indifference to displaying a clear and coherent change of title, the petition should not have been denied. And we request that the decision of the Supreme Court denying the petition to be reversed. Just one quick question. We issued, this court issued, an opinion in the case of Aurora. You may be familiar with the case. And Justice McCabe was the author of that opinion and discussed the difference between capacity and standing. Do you have any comment on that? Because you keep talking about standing. Is there a capacity issue? Well, to be clear, plaintiff has pledged its capacity as the holder of the note and mortgage. I find the two issues are pretty inextricably linked here. In order to have the capacity of a holder, certain protocol has to have been met by way of negotiation for them to claim the capacity of holder. I don't view the issues as necessarily separate. And I would also say that the capacity and the standing issue are important because there have been protocols that have been established, albeit well after the filing of this complaint. I'm talking about Supreme Court Rule 113B that require a foreclosing plaintiff to have all of its documents on hand when filing a suit. I made it clear that's not applicable here. But I would say that it would appear that that rule was promulgated to address precisely the kind of issues we have here. Additionally, to address the issue of enthusiastic defense attorneys kind of tying up the litigation process. But it also, I would say, is promulgated to prevent the situation where a clear chain of title could have been established at any course of the litigation and was just not. And here when you have a subsequent assignment that wasn't introduced during four and a half years, captions that were kind of changed willy-nilly without leave of the court, substantive attacks on the assignments provided as to whether they demonstrate the capacity to sue, I think that the rules were meant to address situations like this. Okay. Thank you. Thank you, Your Honor. Good morning, Your Honor. Good morning. May it please the Court? My name is Blake Anthony Stroudens, and I represent the Plaintiff Appellee in this matter. So now you know why we wanted oral argument. Did you prepare the foreclosure complaint yourself? Not me personally. Our firm did prepare the foreclosure complaint. Okay. So you didn't review the document before it was filed in court? No. Okay. Personally. Personally? I did not personally review it. There's initials on the complaint. Do you know who they belong to? I'm not quite certain. If I showed them to you, would you recognize them? I might. I might, Judge. Yes, that would be Penning Land, I believe. Okay. So my question is the legal description attached as an exhibit, and it's found in C119 of the appendix. It's called Exhibit A, and it describes Lot 28. Yes. What lot was sold at the judicial sale? That goes to the issue of the second assignment mortgage. Okay. So it was Lot 103 that was sold? That was the lot listed in the order approving sale. That's correct. Okay. So my question is who modified this document before it was attached as an exhibit to the complaint? I haven't seen the document that was modified. Well, it's an exhibit to your complaint. No, I understand that, Your Honor. And you didn't review that before you came to court today? No, I did, Your Honor. I didn't notice that there were any initials. Strikeout? There are no initials. Correct. It's just a strikeout. Who did that? I do not know who did that, Your Honor. I do not imagine anyone from my office had made a change to the document. Okay. So if I contact the Will County Recorder and ask to see this document with that number on it, am I going to see that handwriting on the document filed with the Will County Recorder? I assure you, Your Honor, yes. And if it isn't there, then what? Then I... Then there's a problem, right? There might be a problem. I don't know who put that handwriting on there. I don't. Because when the first assignment was done in 2010, which is five years after this exhibit was attached to the mortgage, whoever prepared the first assignment used Lot 28. So they relied on that. That's correct, Your Honor. And then... Which leads me to believe that when the assignment was prepared before the complaint was filed, that it was based on the recorded mortgage and not a document that was attached to the complaint after the assignment had been prepared. How can you modify a legal description? I'm not saying I modified it, Judge. Okay. How can anybody do that? I'm not saying anybody could do it except... It's corrected legal. So who corrected it? I cannot answer that question. Do you agree there's an irregularity here? I agree that there appears to be some handwriting on there that does not have any initials, which should have been on there. Would you do me a favor and just go back and, just out of curiosity, check with the recorder of deeds and make sure that this document that was filed with the clerk as an exhibit to the complaint for foreclosure is in the same condition as it was recorded. Because if it was modified at some point and then attached as an exhibit, there's a problem. I would agree, Judge, to the extent that there is any modification to the mortgage that is not consistent with the recorded mortgage, that might pose an issue. I agree. Okay. So I can't help myself because both Justice Aldridge and I were trial court judges. So when I get a foreclosure case, I just can't help myself. I have to look at the complaint. I don't blame you. I have to check the exhibits. Yes. I check the assignments to make sure everything lines up, and it doesn't in this case. The 2010 assignment is consistent with the complaint, but the 2011 assignment corrects both the name of the bank and the lot number. So address that for me. Yes. As to the 2011 assignment, it's not in the briefs, and this is an issue I honestly came across a couple days ago. I think it's a nullity. If you look at the assignment, it purports to assign a mortgage for MERS. When I say the assignment, I say the March 17, 2011 assignment. MERS purports to assign the mortgage to U.S. Bank. MERS no longer had the mortgage. The mortgage had already been assigned to Bank of America. That's an important distinction. So you conceded that issue. The 2011 assignment does nothing. The 2010 assignment applied to lot 28? Which was listed in the complaint. Lot 28? Yes. Let's go back to the beginning of time. We have, unfortunately, not the party that Mr. Udenbeck presents, who was the borrower, correct? And what did the borrower give a mortgage on? What lot? It's my understanding, based on the mortgage attached to the complaint with the handwritten edit on it, that it is lot 28. No, no, no, no. You've got to look at the exhibit attached to the complaint. It's lot 103. 28 is stricken out. What is the property that was originally Ms. So-and-so, unmarried lady, gave a mortgage on? It's the property at 300 Bolingbrook Avenue. And to the extent that there is an irregularity in the exact lot number, I think there's no disagreement whatsoever that it is the lot located at 300 Bolingbrook. But there's a number of lots there. At least two, 103 and 28. I understand that, but I believe there's only one 300 Bolingbrook address. There's only one. There's only one house that has that address on it, unless they do things differently on Bolingbrook. There's only one house. And I think there's no question whatsoever that it's that house, that property. And there's never been an argument by any of the parties, including Mr. Johnson, that the parties did not intend to mortgage that property there, that house there, that house that they're now residing in. There's no question of that. There might be some issues with the legal description. I can see that based on the court's observations today. I can see that.  Quite honestly, it's my client's issue to deal with in terms of having a wrong lot description. Mr. Johnson filed a 1401 petition more than two years after the entry of judgment. Well, the problem is if the mortgage isn't secured by a proper legally described parcel of property, you can't get to a judicial suit. You can't sell a piece of property that isn't identified as securing a mortgage. Well, I think an action could be brought to correct that legal description, though. Our problem is you're in the appellate court. That's correct. And it just seems like there's a lot of stuff that didn't happen down at the trial court called basic lawyering. On the assignment issue. Let's just say the assignment issue. So why not just allow a do-over? Why not allow a do-over and do it right? Well, quite honestly, the only party that would be prejudiced by that would be my client, which is holding this property right now. What about the person that owns lot 103 or lot 28? The argument was never raised. Maybe they don't know their property was judicially sold. That would be, as far as I'm concerned, a separate action to correct that mistake, assuming there is a mistake. I don't believe the record evidences that there is, in fact, a mistake here. And to the extent that that legal description might be wrong, I believe that an action could be brought to correct that. You're saying the assignment of March 17, 2011 is a nullity. I think it has to be. There was nothing to assign. If MERS had assigned it already, I don't believe MERS can assign it again. We look at the January 15, 2010 assignment. MERS assigned it to Bank of America. That's correct. And was the judicial sale conducted in the name of Bank of America? I do not believe it was. I believe it was conducted in the name of U.S. Bank as the successor trustee. Where is that on the pleadings? Is that there? It's just in the case caption. The order approving sale has a case caption on it that's wrong. I take full responsibility for my office's error in that regard, but I do believe it's just the inscriber's error. It should be Bank of America because the mortgage had never been properly assigned, first of all, to the U.S. Bank, and second of all, there was no motion to change the case caption. So to the extent the case caption is wrong, it's simply just wrong. It doesn't make it right. It doesn't mean that there's a new partner. So all you need is another assignment. Just another assignment from Bank of America to National Bank or whatever subsequent bank state is. Correct? Well, I'm not sure an assignment would be required. Well, it's lot 28 that is subject to assignment on January 15, 2010, and it was lot 103 that was sold. Yes. I don't get it. And yet they both identify the exact same address. So you're saying street address is sufficient. I believe for present purposes the street address is sufficient. The legal description is oftentimes, and I've been doing this for a couple of years now, it's often incorrect. And it's not just incorrect maybe in an assignment mortgage. I've seen it incorrect in a judicial deed. I've seen it incorrect in a mortgage. I've seen it incorrect in an assignment mortgage. And reforming that legal description is a routine matter in not just for- Does it require all parties? It requires the parties to the documents you're seeking to reform. By a court order? It does require a court order. Does this appear to be a properly reformed legal description as attached? As attached? Depending on when those edits were made, I can't really answer that question. Okay. So tell me why the trial judge didn't catch this. I can't say why the trial judge didn't catch it, but what I can say is that in the absence of the appellant's burden to prove that the judge was wrong in making its rulings, there's a presumption that the judge properly relied on the facts, properly relied on the law, and entered proper orders. And to the extent Mr. Johnson didn't raise any of these issues, either in the trial court or on appeal, I think the issue is weighed. But more importantly, I don't believe there's any jurisdiction of the court to review the order approving sale. The order approving sale was entered by the circuit court on May 8, 2014. Now, Mr. Johnson shortly thereafter filed a motion to vacate the order approving sale. That motion to vacate the order approving sale was denied on May 19, 2014. That gave Mr. Johnson 30 days, which would be approximately June 19, to file a notice of appeal after the order approving sale, as we all know, which is the final order in a foreclosure case. Mr. Johnson filed no notice of appeal. Mr. Johnson only filed a Section 1401 petition directed at the judgment of foreclosure and sale. Jurisdiction is gone. Based on the entry of these orders, the dates of these orders, for the appellate court to consider the appropriateness of the court's entry of the order approving sale. Okay. Two minutes, please. And furthermore, as I stated, Mr. Johnson's petition was simply too late. You have two years to file a Section 21401 petition from the date of judgment. Mr. Johnson's petition was filed two years and three months after the judgment of foreclosure and sale. He has lost the ability to challenge the entry of that judgment or somehow get that judgment reversed. Second of all, the entry of default against Mr. Johnson, way back in March 12, 2012, that stands as a forfeiture of Mr. Johnson's ability to attack the plaintiff's standing. Upon entry of default judgment and judgment of foreclosure, standing has been determined. Standing is an affirmative defense, and once you have that judgment entered against you- Standing is to what party? As to all parties. The second bank didn't even become named. Correct. The judgment of foreclosure is- He couldn't challenge their standing. Correct. The judgment of foreclosure was properly entered in the name of Bank of America. Because there was no subsequent- I agree. He forfeited standing as to Bank of America. Yes. So how does he forfeit standing as to the second bank? Well, the judgment of foreclosure wasn't entered in the name of the second bank. It was entered in the name of Bank of America. After the order approving sale? The order approving sale simply delivered title to the property to the successful bidder, the successful bidder being U.S. Bank. To the extent he wishes to challenge that, he has not, and I believe he admitted that up here. Who was the plaintiff at the time of the judicial sale? Who was the designated plaintiff? The designated plaintiff? Yes. I believe the designated plaintiff was improperly labeled as U.S. Bank. And so when did his client first challenge that? The entry of the order approving sale? That would have been sometime in July of- I have to take that back, Your Honor. Sometime in April of 2014. So was that a timely challenge to the judicial sale? That would be a timely challenge to the judicial sale, but he did not appeal that order. He did not timely appeal that order. I think that's critical here. It's critical because if the time for appeal has lapsed, the court has lost jurisdiction to review that order. The case law is clear on that, in my opinion. And because of the fact that he has not raised those issues on appeal, those issues are also waived by virtue of that standing principle as well. So I think to the extent Mr. Johnson would now like to bring a new argument and challenge the order approving sale based on the comments by the court, I just don't think it can happen because there is no jurisdiction for the court to entertain that argument, and Mr. Johnson has waived that argument. And you're asking, you want me to ignore the discrepancy? No, Judge, I don't want you to ignore it, but I believe that- Because they were raised by the proper- And they were not timely appealed. And you're going to go back to your office and tell them, man, you made my job hard today? Something to that effect, Judge. How hard is it to do these things? This is not the only case this court has to deal with in this whole process, and it does seem that it's frustrating. It's- And it may be that- I would like- Maybe that the banks just don't want to hire lawyers, I don't know. Maybe it's secretaries putting these documents together and attorneys signing off a stack without reviewing them. I can't say the reason why something like that didn't happen, but what I can say is that this case was filed in 2010, and I think that efforts have been made to make sure that everything that's filed, all the I's are dotted, all the T's are crossed. That did not happen in this case, as you can see, based on the change in the case caption. And I'm disappointed in seeing that. I was disappointed when I got the file, when I was reviewing the record. I was extremely disappointed. But I just want the result that's right. And even though mistakes may have been made, I believe the result was right, and I believe the arguments I've made to the court today are right. The process of judicial foreclosures has gotten complicated, and I think this is by the way of the defense bar, no offense to Mr. Uden, but there are always challenges to everything being made. Job security. Job security, that's right. There are always challenges being made to standing, to assignments, to the ability to sign mortgages, but you rarely see what the court case is about, and that's a failure to timely make payments on the note of mortgage. Yes, but that's an advocacy function of our courts. And it's incumbent upon those who are going forth to be prepared for that and to make sure that all documentation can withstand those challenges. Correct. And it's pretty formulary. It's statutory. You've got Supreme Court decisions that lay this out. It's blueprint style. Yeah, I think that the law has developed since the time this complaint was filed and provided far more structural guidance and a stricter framework for the mortgage foreclosure process, and I think it benefits all parties. And I'm happy to see that I think you don't see mistakes like this anymore. You don't see typos like this anymore. You may not see them, but they're on their way up over time, and they're still out there in litigation. I would hope to say that in a couple of years you won't see these mistakes anymore. If you were to give us the nickel summary of your argument, why does opposing counsel not prevail, you said? Mr. Johnson's 1401 petition, the denial of saying, which is the only order before this court, was properly denied because his 1401 petition was filed more than two years after entry of judgment of foreclosure. And the law is clear. That two-year deadline is strictly construed, and any filing beyond that two years waives any ability to challenge the entry of that judgment. Thank you. Thank you, Your Honors. Please follow up on this exhibit for me. Of course, Judge. Would you like us to advise the court? Do you mind letting me know by letter? Of course, Judge. Are you sending me a copy of the document that bears that recorder number, the original that was filed? Absolutely. Because I'm very worried that it didn't bear the handwriting. Yes, Judge. So prove me wrong, please. I sure hope so. Thank you, Your Honor. But you're saying it doesn't make a difference either way. Yes, it is. I don't. I believe that the court's jurisdiction to review the propriety of the order is not properly before the court. Okay. I think we've well framed your reply. What's it? I'm talking to you. Just very quickly, Your Honor. Well, no, that's fine. You should reply. Okay. Well, counsel and I agree on one thing, and I suspect the two of you, Your Honors, also agree that there seemed to have been a series of substantive... The whole purpose of the oral argument here today is just to simply flush out all these concerns. Sure. Absolutely. So I think everyone would stipulate that there were a number of substantive errors from the commencement of the litigation. So the question of dotting I's and crossing T's is, well, that ship has sailed. That said, with regard to the issue of the court's jurisdiction to hear a challenge on the order confirming sale, you know, the Supreme Court's Rule 341A7, you know, talking about waiving this issue by not bringing it up in the notice of appeal, we would contend that this situation, given the gravity of the situation, given that you're talking about a substantive error in legal description, a discrepancy between a lot identified in a complaint, a lot identified in a subsequent assignment that is now apparently a nullity, according to counsel, and the legal description offered up on the documents purportedly to confirm the sale, that this would fall under the exception articulated in the Huck's case in terms of trying to get at the responsibility of a just result. The statutory framework under 1508 is very clear, and the implications here are quite substantive with regard to the description of the property. And this fits a larger pattern of U.S. Bank or Bank of America, whoever plaintiff has been over the course of the last four and a half years, mistakes were made, but the burden on them to correct these by way of amending the complaint, by doing some due diligence and providing the correct supporting documentation, was not that substantial in our view. And the provisions of 1508 are pretty rigid and very clear, and you can interpret them as sort of catch-all provisions, because you have to reach a high level of malfeasance to trigger them. If you're talking about justice not otherwise being done, it's a somewhat amorphous phrase or an unconscionability to say, at least evoke a very high standard of abuse, for lack of a better term, on the part of the circuit court. When you're reviewing documentation purportedly to confirm a sale, which sets a clock ticking on an order of possession to displace homeowners from their property, and so many of these are rubber-stamped and justly so, something more than a cursory glance at documents is required. So despite not having raised this issue at the appellate level, it's our position that this falls under the exception of trying to get a just result. Our contention of the efficacy of the 1401 petition, which goes to the heart of the MERS assignments and whether they're valid, I believe also stands. For those reasons, I believe the 1401 petition should be granted, and on top of that, I believe the confirmation of sale should be reversed. Thank you. Okay, thank you very much for appearing here today to be peppered by our questions. We will be taking the matter under advisement and hopefully issuing a decision without undue delay.